**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4606**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

EPIFANIO TORO, a/k/a Joseph Hernandez, a/k/a
Shorty, a/k/a Carlos Luis Delgado,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, District
Judge.  (CR-02-154)

---

Submitted:  February 19, 2004        Decided:  April 12, 2004

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Craig W. Sampson, LAW OFFICE OF CRAIG W. SAMPSON, Richmond,
Virginia, for Appellant. Robert E. Trono, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant Epifanio Toro was convicted by a jury of conspiracy to distribute, and possess with intent to distribute, fifty grams or more of a substance containing cocaine base and five or more kilograms of cocaine hydrochloride, 21 U.S.C. § 841 and 846 (2000). The district court sentenced Toro to 372 months in prison. Toro timely appealed.

Toro's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues regarding Toro's sentence: (1) whether the district court erroneously attributed over 150 kilograms of cocaine to Toro; and (2) whether the district court erroneously determined that Toro was an organizer or leader of the criminal activity. Toro has filed a pro se supplemental brief addressing the same issues. The Government has elected not to file a brief. We find no error in either of these sentencing determinations by the district court.

We have independently reviewed the entire record in this case in accordance with Anders and have found no meritorious issues for appeal. We therefore affirm Toro's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED